Gary B. Rudolph, Esq. (#101921)
James F. Lewin, Esq. (#140268)
SPARBER RUDOLPH ANNEN, APLC
701 "B" Street, Suite 1000
San Diego, CA 92101
Telephone (619) 239-3600
Facsimile (619) 239-5601

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARK STEPHEN TROTTER, [SSN - 9769]<br><br>Debtor.<br><br>LESLIE T. GLADSTONE, Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>GOODMAN & RICHTER, LLP,<br><br>Defendant. | Case No. 05-11028-M7<br><br>Adv. Proc. No. _____<br><br>**COMPLAINT FOR ACCOUNTING AND TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]** |

Plaintiff, Leslie T. Gladstone, Chapter 7 Trustee ("Plaintiff"), alleges as follows:

## JURISDICTION AND VENUE

1. This adversary processing is brought pursuant to 11 U.S.C. § 542 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) in that it arises under Title 11 of the United State Code (the "Bankruptcy Code").

5445-1/237696.1

3. Pursuant to said Fed. R. Bankr. P. 7008(a), Plaintiff states this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b) 2 (A), (H) and (O).

4. Venue of this adversary proceeding is proper in this court pursuant to 28 U.S.C. § 1409(a).

5. On October 7, 2005, Mark Stephen Trotter ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and was assigned case number 05-11028-JM7.

## PARTIES

6. Leslie T. Gladstone ("hereinafter "Plaintiff") is the duly appointed Chapter 7 Trustee in this bankruptcy case, and is the plaintiff in this adversary proceeding.

7. Plaintiff is informed and believes and alleges that at all relevant times Goodman & Richter, LLC ("Defendant") was and is a California limited liability company doing business in the State of California.

## FACTS TO ALL CLAIMS FOR RELIEF

8. Plaintiff is informed and believes and therein alleges that on or about September 1, 2005, Debtor transferred the sum of $10,000.00, to the Defendant as a litigation retainer.

## FIRST CLAIM FOR RELIEF

### (Accounting)

9. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 8, inclusive.

10. Plaintiff is informed and believes and therein alleges that as a result of the transfer alleged in paragraph 8 above, Defendant is in possession, custody or control of the sum of not less than $10,000.00, that Plaintiff may administer on behalf of the unsecured creditors of the Debtor's bankruptcy estate and therefore the Defendant must deliver and

///
///
///

turn over the sum of not less than $10,000.00, to Plaintiff and provide Plaintiff with a written accounting of said transferred proceeds

### SECOND CLAIM FOR RELIEF

### (For Turnover of Property the Estate Pursuant to 11 U.S.C. § 542)

11. Plaintiff realleges and incorporates herein by this reference the allegations contained in pargraphs1 through 10, inclusive.

12. The $10,000.00 referenced herein in the above mentioned paragraph 8, was alleged by Debtor in Schedule B #33 to be a contingent remainder interest in a litigation retainer, subject to attorney's security interest and thereby property of the Debtor's bankruptcy estate under 11 U.S.C. § 541 which Plaintiff is entitled to administer on behalf of the unsecured creditors of this estate.

13. Defendant has a duty to turn over all estate property pursuant to 11 U.S.C. § 542(a).

14. By this complaint, Plaintiff demands that Defendant turn over the sum of $10,000.00, to the Plaintiff including but not limited to all right, title and interest Defendant holds in the $10,000.00, plus interest at the legal rate.

WHEREFORE, Plaintiff prays for judgment as follows:

### FIRST CLAIM FOR RELIEF

1. That judgment be entered in favor of the Plaintiff directing Defendant to provide an accounting of the transferred proceeds in the amount of $10,000.00, from the date of receipt to the date of filing of this Complaint.

2. For interest, cost of suit and attorneys' fees, if appropriate.

3. For such other and further relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF

1. That judgment be entered in favor of the Plaintiff for the benefit of the estate requiring Defendant to turn over to the Plaintiff the sum of $10,000.00, as alleged herein in accordance with 11 U.S.C. § 542.

5445-1/237696.1

2. For interest, cost of suit and attorneys' fees, if appropriate.

3. For such other and further relief as the Court deems just and proper.

Dated: September 18, 2007       SPARBER RUDOLPH ANNEN, APLC

By: _____
James F. Lewin, Esq.,
Attorneys for Plaintiff, Leslie T. Gladstone, Chapter 7 Trustee